CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROY L. BOOTH,

Petitioner,

v.

JOSEPH W. WALTERS,

Respondent.

Case No. 7:26-cv-00537

**MEMORANDUM OPINION**

By: Hon. Thomas T. Cullen
United States District Judge

Petitioner Roy L. Booth, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Joseph W. Walters. (*See* ECF No. 1.) This matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"). For the following reasons, Booth's petition will be denied.

## I. BACKGROUND

In his petition, which consists of one handwritten page, Booth claims that Respondent "failed to obtain [a] contract pertaining to . . . Booth and is detaining [Booth] without lawful authority during [m]atrial [l]aw." (ECF No. 1.) Booth further claims that

> [m]artial [l]aw is current [c]orporation contract argument game political affair causing signature mark under duress is null. Implied contract denied. Petitioner can't make contract defining procedure nor perjury nor time-barred nor [n]otary [p]ublic which means Petitioner can't make procedure error nor make perjury nor be time-barred nor need [n]otary [p]ublic nor need to pay payment of fees or costs nor need assessment meeting before release or transfer.

(*Id.*) In terms of relief, Booth requests that the court order him and his personal property to be "relinquish[ed]" from state custody into federal custody, specifically into FCI Petersburg.

(*Id.*) Booth also requests that Respondent be ordered to "pay indemnity of 1,094,890 dollars" and that the federal Bureau of Prison's "establish [his] [r]elease date of November 24th, 2026[.]" (*Id.*)

The Virginia Department of Corrections' website indicates that Booth remains in state custody. *See* vadoc.virginia.gov/general-public/inmate-and-supervisee-locator (indicating that Roy Booth # 1094890 is located at Red Onion State Prison and serving a "Single Life" sentence) (last visited Sept. 18, 2026).

## II. ANALYSIS

Rule 4 of the 2254 Rules provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "Under Rule 4, the [c]ourt may dismiss petitions that raise either legally frivolous claims or factual allegations that are 'palpably incredible or false.'" *Harris v. Buffaloe*, No. 1:21-cv-00363-MR, 2022 WL 3146309, at *1 (W.D.N.C. Aug. 5, 2022) (quoting *Carson v. Burke*, 178 F.3d 434, 437 (6th Cir. 1999)). Here, Booth's petition is deficient as it fails to specify any valid grounds for habeas relief or supporting facts.

Booth's "arguments are similar to 'sovereign citizen' claims brought by *pro se* litigants seeking to challenge [a] court's jurisdiction over them and their criminal convictions." *Harris*, 2022 WL 3146309, at *1. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Id.* (quoting *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013)) (bracketing in original); *see also Joiner v. Sapper*, No. 1:20CV717, 2020 WL 4719283, at *1 (M.D.N.C. Aug. 13, 2020) (recommending denial of habeas petition as asserting

frivolous sovereign-citizen claims where the petitioner "den[ied] having contracted with the United States or North Carolina . . . [and] mentions . . . contract law . . . which [does not] apply to criminal proceedings or convictions"), *report and recommendation adopted*, 2020 WL 5366322 (M.D.N.C. Sept. 8, 2020); *see also Gloria Sun Jung Yun v. N.J.*, No. 18-17283, 2019 WL 1002944, at *2 (D.N.J. Feb. 28, 2019) (noting the sovereign-citizen "view that maritime or martial law has replaced the 'common law'"). "Courts considering such claims have universally determined that they are without merit." *Joiner v. Hooks*, No. 1:20-cv-00132-MR, 2020 WL 7049851, at *1 (W.D.N.C. Dec. 1, 2020) (collecting cases). And apart from asserting sovereign-citizen claims, Booth has identified no other basis for his requested relief. (*See* ECF No. 1.)

Accordingly, because it plainly appears that Booth's arguments for habeas relief lack merit, his petition will be denied.

## III. CONCLUSION

For the reasons set forth above, Booth's § 2254 petition will be denied. And because Booth has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), or that the court's procedural rulings are debatable among reasonable jurists, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the court declines to issue a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Booth.

**ENTERED** this 21st day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE